UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TODD BATTEN, an individual; ROBERT DYER, an individual; REGGIE MORRIS, an individual; and ANNA TESTER, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>PROVIDENCE ST. JOSEPH HEALTH; PROVIDENCE HEALTH & SERVICES; PROVIDENCE HEALTH AND SERVICES – WASHINGTON d/b/a PROVIDENCE; PROVIDENCE ST. MARY MEDICAL CENTER; and PROVIDENCE MEDICAL GROUP d/b/a PROVIDENCE MEDICAL GROUP SOUTHEAST WASHINGTON NEUROSURGERY, a/k/a PMG NEUROSCIENCE INSTITUTE, WALLA WALLA a/k/a NEUROSCIENCE INSTITUTE d/b/a PROVIDENCE,<br><br>Defendant. | NO. 2:23-CV-0097-TOR<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION |

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION ~ 1

BEFORE THE COURT is Plaintiffs' Motion for Reconsideration (ECF No. 100).  This matter was submitted for consideration without oral argument.  The Court has reviewed the record and files herein and is fully informed.  For the reasons discussed below, Plaintiffs' Motion is **DENIED**.

## BACKGROUND

This case concerns Plaintiffs' allegations that they each received unnecessary lumbar surgeries while in the care of two former neurosurgeons previously employed by Providence at St. Mary Medical Center, and each Plaintiff has suffered permanent injury as a result.  Plaintiffs brought this action alleging Defendants themselves were negligent and negligent on behalf of the two former neurosurgeons that performed the medically unnecessary surgeries, Dr. Jason A. Dreyer ("Dr. Dreyer") and Dr. Daniel P. Elskens ("Dr. Elskens").  *See* ECF No. 1.  On June 30, 2025, the Court granted Defendants' summary judgment motion and dismissed Plaintiffs' claims on the basis that they were time-barred under Washington's statute of limitations for medical negligence, RCW 4.16.350(3).  ECF No. 91.  Plaintiffs now move for reconsideration of the Court's order.

## DISCUSSION

Motions for reconsideration are generally disfavored.  "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is

1  an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). "There may also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J*, 5 F.3d at 1263. Whether to grant a motion for reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes and Bands of the Yakima Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

A district court does not abuse its discretion when it disregards legal arguments made for the first time on a motion to alter or amend a judgment. *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (quotation marks and citations omitted); *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."). Evidence available to a party before it files its opposition is not "newly discovered evidence" warranting reconsideration of summary judgment. See *Frederick S. Wyle Prof'l Corp. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985).

Plaintiffs argue reconsideration is warranted here on the basis that (1) the Court erroneously placed the burden of proof for accrual based on discovery on Plaintiffs; (2) the Court should reconsider when accrual based on discovery

occurred that is consistent with the fiduciary relationship between patient and practitioner, (4) analysis under the proper burden of proof demonstrates summary judgment was inappropriate, and (3) Defendants' fraudulent concealment tolled the statute of limitations.  ECF No. 100.

The Court has reviewed its Order granting summary judgment and Plaintiffs' Motion for Reconsideration and finds Plaintiffs have not shown manifest error or mistake in the Court's ruling, or facts or legal authority which could not have been brought to the attention of the Court earlier, through reasonable diligence.

Under RCW 4.16.350, the discovery rule "can be invoked only when the plaintiff has exercised due diligence; it will not be invoked when the plaintiff has had ready access to information that a wrong occurred." *Zaleck v. Everett Clinic*, 60 Wash. App. 107, 113 (1991).  This rule requires the plaintiff to "make further diligent inquiry to ascertain the scope of the actual harm" after being "placed on notice by some appreciable harm occasioned by another's wrongful conduct." *Green v. Am. Pharm. Co.*, 136 Wash. 2d 87, 96 (1998).  "If such diligence is not exercised in a timely manner, the cause of action will be barred by the statute of limitations." *Reichelt v. Johns-Manville Corp.*, 107 Wash. 2d 761, 772 (1987).  "The plaintiff bears the burden of proving that the facts constituting the claim were not and could not have been discovered by due diligence within the

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION ~ 4

applicable limitations period." *Clare v. Saberhagen Holdings, Inc.*, 129 Wash. App. 599, 603 (2005).

      The Court found that Defendants presented sufficient evidence that demonstrated that each Plaintiff's duty to inquire about whether their respective surgeries were negligently performed was triggered under the discovery rule, and such inquiry would have alerted Plaintiffs to the essential facts of their claims well before a year prior to the filing of their complaint. Plaintiffs did not present any evidence creating an issue of fact as to whether they exercised due diligence, or why, even with due diligence, Plaintiffs could not have discovered the essential facts underlying their claims until learning of the settlement between the Department of Justice and Providence in 2022. Therefore, the Court concluded the discovery rule was inapplicable to Plaintiffs' claims. The evidence Plaintiffs now present is not new evidence that warrants reconsideration as it was previously available to Plaintiffs. Additionally, Plaintiffs' claim of fraudulent concealment was not brought in its summary judgment papers and was therefore waived.

      Finally, the Court does not find that Plaintiffs' recent discovery of Dr. Dreyer's February 23, 2025 letter explaining that complaints of Dr. Dreyer by his practice partner began as early as February 2017 changes the outcome of the Court's summary judgment decision. Plaintiffs already had knowledge of this information as the press release they provide with their motion for reconsideration

was from 2022 and stated Providence medical personnel expressed concerns about Dr. Dreyer during his time of employment with Providence St. Mary between 2013 and 2018. ECF No. 99-1.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiffs' Motion for Reconsideration (ECF No. 100) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel. The file remains CLOSED.

DATED August 29, 2025.

THOMAS O. RICE
United States District Judge